**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01242-CMA-MJW

MALACHI Z. YORK,
a/k/a Dwight D. York,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. # 41.) Because Plaintiff has failed to exhaust available administrative remedies with respect to his claims, the Court grants this motion.

## I.    BACKGROUND

Plaintiff is a federal inmate currently incarcerated at the United States Penitentiary, Administrative Maximum Facility in Florence, Colorado. (Doc. # 41, ¶ 1.) Plaintiff suffers from angioedema, a disease that typically causes swelling of the extremities and can affect the upper airway and digestive tract. (*Id.* at ¶ 4.) Plaintiff filed an Amended Complaint on July 16, 2014, presenting two claims. First, Plaintiff claims that the Bureau of Prison ("BOP") violated his Eighth Amendment rights by being deliberately indifferent to his medical needs with respect to his angioedema. (Doc. # 22,

23–26.)  Second, Plaintiff claims that the BOP violated his Eighth Amendment rights by failing to train or supervise its employees.  (*Id.* at 26–27.)

On October 29, 2014, Defendant filed a Motion for Summary Judgment asserting that, because Plaintiff has failed to exhaust his administrative remedies as mandated by the Prisoner Litigation Reform Act, his case should be dismissed.  (Doc. # 41.)  On November 20, 2014, Plaintiff filed a Response arguing that equitable estoppel is an applicable exception to the exhaustion of remedies requirement.  (Doc. # 42.)  On November 28, 2014, Defendant submitted a Reply.  (Doc. # 44.)

## II.    STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*  However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law.  *Id.*  In

attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.  DISCUSSION

Defendant contends that Plaintiff failed to exhaust his administrative remedies as mandated by the Prisoner Litigation Reform Act ("PLRA") and, thus, his case should be dismissed. Plaintiff does not deny that he failed to exhaust his administrative remedies. Rather, he asserts that he "has made several attempts to secure the documents necessary to prove that he has satisfied the steps necessary for the medical transfer, but to date the Bureau of Prisons has failed to respond or provide any documentation to support which of the steps the Plaintiff has completed." Plaintiff argues that equitable estoppel is an applicable exception to the exhaustion of remedies requirement.

1.     **PLAINTIFF FAILS TO EXHAUST ADMINISTRATIVE REMEDIES**

The PLRA, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003).

Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* at 524 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth*, 532 U.S. at 741 n.6. "In *Booth,* the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." *Beaudry*, 331 F.3d at 1167.

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir.

2007). "'[A] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue' unless the complaint conclusively shows a failure to exhaust." *Markovich v. Correct Care Solutions*, 406 F.App'x. 264, 265 (10th Cir. 2010) (quoting *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

The court may take judicial notice of the Bureau of Prisons' administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341, n.1 (8th Cir. 1979) (judicial notice taken of Bureau of Prisons' Program Statement). The BOP has a four-step administrative process that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Following informal attempts to resolve a complaint, the procedure requires that an inmate submit to the Warden "a formal written Administrative Remedy Request, on the appropriate form (BP–9), [ ] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The Warden must respond within 20 calendar days from the date the formal request is received and logged into the Bureau's Administrative Remedy Index. 28 C.F.R. § 542.18. If the 20–day period is insufficient to make an appropriate decision, the deadline may be extended once for 20 days at the institutional level, unless the request is determined to be an emergency that threatens the inmate's

immediate health or welfare, in which case the Warden must respond no later than the third calendar day after filing. *Id.*

If unsatisfied with the Warden's response, the inmate may file "an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). The Regional Director must respond within 30 days, which period may be extended once for 30 days. 28 C.F.R. § 542.18. If unsatisfied with the Regional Director's response, the prisoner "may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). The General Counsel must respond within 40 days, which period may be extended once for 20 days. 28 C.F.R. § 542.18. At any stage of the process, "[i]If the inmate does not receive a response within the time allotted for reply, . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. The appeal to the General Counsel at the Central Office constitutes the final administrative appeal. 28 C.F.R. § 542.15(a). An inmate may not raise issues in an appeal that were not raised in the lower level filing. 28 C.F.R. § 542.15(b)(2).

In this case, Plaintiff's administrative remedies record shows that he has filed thirteen requests for administrative remedies and/or appeals since entering the BOP's custody. (Doc. # 41, ¶ 7.) Four of these requests, Administrative Remedy Series 399669, Administrative Remedy Series 400743, Administrative Remedy Series 402832, and Administrative Remedy Series 687742, concern his medical treatment. (*Id.* at ¶ 8.) Plaintiff initiated the first three of these requests (399669, 400743, 402832) in early

2006 while he was confined at the United States Penitentiary in Marion, Illinois. (*Id.* at ¶ 9.) In each of these three requests, Plaintiff requested a transfer for proper medical treatment and care. (*Id.* at ¶ 10.) However, all three were rejected for various procedural defects, including filing at or appealing to the improper level and failing to attempt informal resolution. (*Id.* at ¶ 11.) Plaintiff never refiled any of these requests at any level of the administrative remedy process and, therefore, failed to administratively exhaust these remedies. (*Id.* at ¶ 12.)

Plaintiff's last request for administrative remedy related to health care (687742) was filed in May 2012, after Plaintiff's transfer to ADX Florence, and is described as an "unspecified complaint/challenge diagnosis." (*Id.* at ¶ 13.) This request was procedurally rejected at the Warden level (BP-9) and Plaintiff was advised that he could resubmit his request in proper form within five days of the rejection date, but that he needed to provide more specific information about his request/appeal so that it could be considered. (*Id.* at ¶ 14.) Rather than resubmitting the BP-9, as requested, Plaintiff instead appealed the rejection of his request to the Regional Office. (*Id.* at ¶ 15.) Because the problems with the BP-9 were never addressed, this appeal was procedurally rejected for having been filed at the wrong level and Plaintiff was advised to "correct what was noted in [his] rejection and resubmit to the institution for response before appealing to this level." (Id.)

Once again, Plaintiff ignored the advisement and appealed the matter to the Central Office. (*Id.* at ¶ 16.) His appeal was procedurally rejected by the Central Office because Plaintiff did not provide a copy of his institution administrative remedy request

7

(BP-9) or his regional appeal.  (*Id.*)  Plaintiff never refiled Administrative Remedy 687742 in proper form.  (*Id.* at ¶ 17.)  Accordingly, Plaintiff has failed to exhaust his administrative remedies as mandated by the PLRA.

**2.     EQUITABLE ESTOPPEL**

Plaintiff contends that Defendant is equitably estopped from asserting Plaintiff's failure to exhaust the available administrative remedies concerning his claims in this case.  To establish equitable estoppel, the party claiming estoppel must show: (1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment.  *Hoover v. West*, 93 F.App'x 177, 182 (10th Cir. 2004) (citing *Emery Mining Corp. v. Secretary of Labor*, 744 F.2d 1411, 1417 (10th Cir. 1984)).

In this case, Plaintiff has not provided the Court with evidence to support any of the required elements for equitable estoppel.  In fact, Plaintiff's administrative remedies record shows that Defendant explained the particular procedural deficiencies in Plaintiff's requests for administrative remedies and instructed him as to how he could correct those deficiencies.  Nothing in the record, other than Plaintiff's conclusory allegations, supports Plaintiff's assertion that Defendant misrepresented the administrative remedy process.

Because the Court has determined that Plaintiff has not proved Defendant misrepresented the administrative remedy process, the Court need not address the additional requirements of equitable estoppel.  The Court finds that Defendant is not

equitably estopped from asserting Plaintiff's failure to exhaust administrative remedies as a bar to Plaintiff's claims.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant's Motion for Summary Judgment (Doc. # 41) is GRANTED.  Accordingly, this case is DISMISSED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (Doc. # 35) is DENIED as moot.  Finally, it is

FURTHER ORDERED that Defendant shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within 10 days of the entry of judgment.  However, each party shall bear its own attorney fees.

DATED:  February ___27___, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge